## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS

DINA B. DAVIS                                                                 PLAINTIFF

v.                              No. 5:15-CV–157-BSM-JJV

CAROLYN W. COLVIN,
ACTING COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION                          DEFENDANT

## RECOMMENDED DISPOSITION

### Instructions

The following recommended disposition was prepared for U.S. District Judge Brian

S. Miller.  A party to this dispute may file written objections to this recommendation.  An

objection must be specific and state the factual and/or legal basis for the objection.  An

objection to a factual finding must identify the finding and the evidence supporting the

objection.  Objections must be filed with the clerk of the court no later than 14 days from

the date of this recommendation.[1]  The objecting party must serve the opposing party with

a copy of an objection.  Failing to object within 14 days waives the right to appeal questions

of fact.[2]  If no objections are filed, Judge Miller may adopt the recommended disposition

without independently reviewing all of the record evidence.

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2] *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives
right to de novo review and to appeal magistrate judge's findings of fact).

### Reasoning for Recommended Disposition

Plaintiff, Dina B. Davis, seeks judicial review of the denial of her application for disability insurance benefits.  Ms. Davis last worked as a hotel housekeeper.  She seeks disability benefits because of arthritis, muscle spasms, and migraine headaches.[3]

**The Commissioner's decision**.  The ALJ identified "severe" impairments in the form of rheumatoid arthritis, fibromyalgia, lupus, migraines, obesity, depressive disorder, and anxiety disorder.[4]  The ALJ determined the impairments limit Ms. Davis to unskilled sedentary work.[5]  The ALJ assessed that Ms. Davis can no longer do past work, but using the services of a vocational expert, identified jobs she can do despite her impairments.[6]  The ALJ concluded that Ms. Davis is not disabled and denied the application.

After the Appeals Council denied review,[7] the ALJ's decision became the Commissioner's final decision for the purpose of judicial review.[8]  Ms. Davis filed this case

---

[3]*Id*. at p. 142.

[4]*Id*. at p. 12.

[5]*Id*. at p. 15.

[6]*Id*. at pp. 19-20.

[7]*Id*. at p. 1.

[8]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating that "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

to challenge the decision.[9]  This recommendation explains why substantial evidence supports the decision and why the ALJ made no legal error.

**Arguments for Reversal**.  Ms. Davis contends the ALJ failed to fairly and fully develop the record.  Specifically, she says the ALJ should have sought clarification from treating doctors.  She also challenges the evaluation of her credibility.  She further contests the ALJ's residual functional capacity assessment for sedentary work because her migraines and swelling in the hands prevent all work.  For these reasons, she maintains substantial evidence does not support the decision.[10]

**Applicable legal principles**.  The court must determine whether substantial evidence supports the decision and whether the ALJ made a legal error.[11]  Substantial evidence exists if a reasonable mind will accept the evidence as adequate to support the determination that Ms. Davis can do some sedentary work and work exists that she can

---

[9]Docket entry # 1.

[10]Docket entry # 14.

[11]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

do.[12]

Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools."[13]  The ALJ placed the following limitations on sedentary work:

(1) no climbing ladders/ropes/scaffolds;

(2) occasional balancing, kneeling, stooping, crouching, or crawling;

(3) occasional use of the hands for gross and fine manipulation; and

(4) simple, routine, repetitive tasks.[14]

A reasonable mind will accept the evidence as adequate to show Ms. Davis can work within these parameters for the following reasons:

**1.  The medical evidence supports the ALJ's determination**.

Ms. Davis often reported a diagnosis of lupus.[15]  She didn't specify the type of lupus, but her complaints suggested systemic lupus erythematosus — "an autoimmune disorder that may damage body tissues and lead to widespread, chronic inflammation and pain  during

---

[12]*Britton v. Sullivan*, 908 F.2d 328, 330 (8th Cir. 1990) ("Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'").

[13]20 C.F.R. §§ 404.1567(a) & 416.967(a).

[14]SSA record at p. 15.

[15]SSA record at pp. 302, 351, 413, 420, 477 & 498.

periods of worsened symptoms called flares."[16]   The record contained no specialist

diagnosis, but emergency room physicians appeared to accept Ms. Davis's reports.[17]   The

record, however, lacked the diagnostic techniques used to diagnose lupus.

For the time period for which benefits were denied, the record documented periodic

emergency room visits, but no functional impairment.[18]   The ALJ ordered a consultative

physical exam, but Ms. Davis put forth so little effort that the examiner could not assess

functional ability.[19]   Consistent with the ALJ's decision, Medical experts limited Ms. Davis

to sedentary work.[20]   A reasonable mind will accept the evidence as adequate because the

ALJ required sedentary work and because medical evidence documented no functional

---

[16]Rosalyn Carson-DeWitt & Laura Jean Cataldo, Systemic Lupus Erythematosus, 7 The Gale Encyclopedia of Med. 4903 (5th ed.).

[17]SSA record at p. 421 (Feb. 23, 2012: listing "lupus arthritis" as diagnosis) & p. 352 (July 24, 2102: including "systemic lupus erythematosus" in listed diagnoses).

[18]*Id*. at p. 420-29 (Feb. 23, 2012: complaints of right ankle/foot pain, not taking medications prescribed for rheumatoid arthritis, diagnostic imaging showed some spurring that could cause chronic foot pain); pp. 408-18 (Mar. 4, 2012: complaints of back pain after bending, she fell two weeks ago in the bathtub), pp. 351-56 (July 24, 2012: complaints of all-over body pain, instructed to double-up on prescribed medication), pp. 358-63 (July 16, 2012: complaints of abdominal pain and vomiting, treated for gastritis and released), pp. 344-49 (July 30, 2012: visit for migraine headache), pp. 337-42 (Aug. 2, 2012: visit for migraine and sore throat, treated for migraine, tonsilitis, and pharyngitis), p. 514 (Nov. 1, 2012, unspecified visit), p. 498 (Apr. 9, 2013: complaint of hand pain), pp. 550-60 (July 12, 2013: complaint of stomach pain, diagnostic imaging showed large gallstone & ovarian cyst, treated for urinary tract injection).

[19]*Id*. at p. 479.

[20]*Id*. at pp. 301 & 481.

impairment preventing sedentary work.

**2. The ALJ fairly and fully developed the record**. The ALJ has a duty to fairly and fully develop the record as to the matters at issue.[21] Ms. Davis's reasons for disability placed arthritis, muscle spasms, and migraine headaches at issue.[22] The ALJ obtained treatment records from medical providers, ordered consultative physical and mental exams, and sought opinions from medical experts. Ms. Davis says the ALJ should have sought more information from treating medical providers, but the ALJ's efforts provided a sufficient basis for determining whether Ms. Davis was disabled.[23]

**3. Inconsistencies support the credibility evaluation**. An ALJ may discount a claimant's subjective complaints "if there are inconsistencies in the evidence as a whole."[24] Inconsistencies existed. Ms. Davis reported using a walker and a crutch,[25] but according to medical providers, Ms. Davis usually walked without assistance.[26] She reported needing

---

[21]*Landess v. Weinberger*, 490 F.2d 1187, 1189 (8th Cir. 1974).

[22]SSA record at p. 142.

[23]*McCoy v. Astrue*, 648 F.3d 605, 612 (8th Cir. 2011); *Ellis v. Barnhart*, 392 F.3d 988, 994 (8th Cir. 2005).

[24]*Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984).

[25]SSA record at pp. 165 & 181.

[26]*Id*. at p. 235 (Nov. 28, 2011), p. 231 (Jan. 24, 2012), p. 415 (Mar. 4, 2012: ambulatory), p. 361 (June 19, 2012: ambulatory), p. 354 (July 24, 2012: ambulatory), p. 347 (July 30, 2012: ambulatory), p. 340 (Aug. 2, 2012: ambulatory), p. 478 (Oct. 20, 2012: ambulated without assistance, slow shuffled gait). *But see id*. at p. 425 (Feb. 23, 2012: presented to emergency

assistance with all daily activities,[27] but according to the physical examiner, Ms. Davis was independent with daily activities except for leaving the house and driving.[28] According the mental examiner, she could do most daily activities on her own, but often needed assistance getting out of the bathtub.[29] Ms. Davis reported disabling limitations in her hands, but without medical support.[30] Inconsistencies provided a proper basis for discounting alleged limitations.

4. **Vocational evidence supports the decision**. After determining Ms. Davis can no longer do past work, the ALJ asked a vocational expert about work for a person with Ms. Davis's limitations, including occasional use of the hands for gross and fine manipulation. The vocational expert identified call-out operators and surveillance system monitors as representative available work.[32] Ms. Davis suggested she can't do these jobs

---

room in wheelchair) & p. 304 (May 2, 2012: used a crutch during mental diagnostic exam).

[27]*Id*. at pp. 159-65.

[28]*Id*. at p. 477.

[29]*Id*. at p. 308.

[30]*Id*. at p. 235 (tenderness but no significant swelling in finger and hand joints), p. 231 (inflammation of joint lining in wrists), pp. 276-78 (negative imaging of hands/wrists), p. 478 (no swelling or redness, could grasp objects with both hands), p. 484 (swelling in finger joints of both hands), p. 494 (a little swelling in both hands with bruises and scratches to the skin) & p. 498 (scant swelling to wrists).

[32]*Id*. at p. 50.

because her hands swell when she uses them,[33] but the identified jobs don't require the repetitive hand-finger actions required by most sedentary jobs.[34]  To the extent Ms. Davis relies on migraine headaches and concentration problems, medical evidence established no limitation flowing from migraines and the ALJ accounted for issues with concentration by requiring simple work.  Available jobs shows work exists that Ms. Davis could do, regardless of whether such work exists where she lived, whether a job vacancy existed, or whether she would have been hired if she applied for work.[35]

## Conclusion and Recommended Disposition

Because a reasonable mind will accept the evidence as adequate to support the decision, and the ALJ made no legal error, the undersigned magistrate judge recommends DENYING Ms. Davis's request for relief (docket entry # 2) and AFFIRMING the Commissioner's decision.

Dated this 21st day of June, 2016.

---

[33]*Id*. at pp. 37 & 39.

[34]SSR 96-9p, *Pol'y Interpretation Ruling Titles II & XVI: Determining Capability to Do Other Work--Implications of a Residual Functional Capacity for Less Than a Full Range of Sedentary Work* ("Most unskilled sedentary jobs require good use of both hands and the fingers; i.e., bilateral manual dexterity.  Fine movements of small objects require use of the fingers; e.g., to pick or pinch.  Most unskilled sedentary jobs require good use of the hands and fingers for repetitive hand-finger actions.").

[35]42 U.S.C. § 1382c(a)(3)(B) (defining disability under social security disability law).

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE